**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 17-4262**

—————————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

COREY RYDELL JENKINS,

            Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, Chief District Judge.  (4:11-cr-00273-TLW-1)

—————————

Submitted:  October 17, 2017                                    Decided:  October 19, 2017

—————————

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Rydell Jenkins appeals the 94-month sentence imposed on resentencing for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Jenkins' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that Jenkins can raise no meritorious grounds for appeal but questioning whether the sentence is reasonable. Jenkins was notified of his right to file a pro se supplemental brief but has not done so, and the Government has declined to file a response brief. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine whether the district court committed significant procedural error, such as incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the 18 U.S.C. § 3553(a) (2012) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). In evaluating the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014).

If we find no significant procedural error, we examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Jenkins bears the burden to rebut this presumption "by

2

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Our review of the record reveals that Jenkins' sentence is reasonable. The district court properly calculated Jenkins' Guidelines range and sentenced him within that range and the applicable statutory maximum. The court considered the parties' arguments in sentencing Jenkins and articulated a reasoned basis for the sentence it imposed, grounded in the 18 U.S.C. § 3553(a) factors. Jenkins fails to rebut the presumption of reasonableness afforded to his within-Guidelines sentence. *See Louthian*, 756 F.3d at 306. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jenkins' sentence. This court requires that counsel inform Jenkins, in writing, of his right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*